UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEIVORY HAMPTON, | ) |
| Plaintiff, | ) |
| | ) CASE NO.: 1:23-cv-00524 |
| v. | ) |
| WALMART, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, removing party WALMART ("Defendant"), by counsel, hereby files this Notice of Removal to remove the above-entitled action to this Court based upon the following supporting grounds. Defendant, appearing solely for the purpose of this removal, and for no other purpose, and preserving all other defenses available to it, states as follows:

### VENUE

1. Removal to the Southern District of Indiana, Indianapolis Division, is appropriate pursuant to 28 U.S.C. § 1441(a), because the Southern District of Indiana, Indianapolis Division, embraces the County of Marion, where the action was pending prior to the filing of this Notice of Removal.

### REMOVAL IS TIMELY

2. On or about February 13, 2023, Defendant was served via its registered agent, CT Corporation System by certified mail with a Summons and Complaint for Damages in the above-entitled action.

3. The case stated by the initial pleading was not removable because the amount in controversy was not clearly identified as exceeding the amount specified in section 28 U.S.C. § 1332(a).

4. On March 15, 2023, Plaintiff's counsel confirmed in writing that the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Therefore, pursuant to 28 U.S.C. §§1446(b)(3) and (c)(3)(A), this removal is timely.

## STATE COURT PROCEEDINGS

6. On February 10, 2023, Plaintiff filed her Complaint for Damages in the above-entitled action against Defendant in the Marion County Superior Court in the State of Indiana, Cause No. 49D05-2302-CT-005779, and it is now pending therein.

7. On February 21, 2023, the Defendant filed its Attorney Appearance, Jury Demand and Motion for Enlargement of Time to File Responsive Pleading in the Marion County Superior Court in the above-entitled action.

8. On February 21, 2023, the Marion County Superior Court issued an Order Granting Defendant's Motion for Enlargement of Time to File Responsive Pleading, granting it a period of time through and including April 7, 2023, in which to answer or otherwise respond to Plaintiff's Complaint for Damages.

9. On March 13, 2023, Defendant filed its Answer and Affirmative Defenses.

10. No further proceedings have been had in the Marion County Superior Court.

11. Pursuant to S.D. Ind. L.R. 81-2(d), Defendant asserts that there are no state court motions that remain pending at the time of this Notice of Removal.

## DIVERSITY JURISDICTION EXISTS

12. This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

13. Plaintiff DeIvory Hampton is a citizen of the State of Indiana.

14. Defendant has been sued as "Walmart." Plaintiff's Complaint does not state with specificity which "Walmart" corporate entity is being sued.

15. Defendant represents that the operating entity for the location of the subject incident, and thus the proper name of the Defendant, is Wal-Mart Stores East, LP.

16. The citizenship of unincorporated associations such as Wal-Mart Stores East, LP is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003); *see also Hicklin Engineering, L.C. v. R.J. Bartell*, 439 F.3d 346-347-48 (7th Cir. 2006) (the citizenship of a limited liability company is that of its members). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. *Hart*, 336 F.3d at 543. The "layers" of Wal-Mart Stores East, LP's partners and members in this matter can be traced as follows:

   a. Wal-Mart Stores East, LP is a Delaware Limited Partnership.

   b. The sole general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a Delaware Limited Liability Company.

   c. The sole limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware Limited Liability Company.

   d. Wal-Mart Stores East, LP has no partners other than WSE Management, LLC and WSE Investment, LLC.

    e. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.

    f. Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) is an Arkansas Limited Liability Company.

    g. Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) has a single member: Wal-Mart Stores, Inc.

    h. Wal-Mart Stores, Inc. is a corporation organized under the laws of Delaware.

    i. The principal place of business of all entities referenced above is the State of Arkansas.

17. Based on the foregoing, Defendant is a citizen of the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction.

18. There is complete diversity of citizenship between the parties named in this case.

19. Plaintiff's Complaint for Damages does not demand a specific sum of monetary damages. The State of Indiana does not permit a demand for a specific sum or permit recovery of damages in excess of the amount demanded. Therefore, this Notice of Removal states that the monetary value of the amount in controversy exceeds $75,000, exclusive of interest and costs, based upon the following:

    a. Plaintiff, by counsel, advises she suffered injuries to her neck, back, leg, arm, shoulder and head as a result of her fall on the store premises.

    b. In the Complaint, Plaintiff alleges she sustained personal injury, had pain and suffering with those injuries, loss of enjoyment of life, pain in restriction of her daily activities, and may have pain and suffering, loss of enjoyment of life, and pain in restriction of her activities of daily living in the future. (Compl. ¶ 5).

      c. Plaintiff contends she sought medical treatment and incurred medical expenses resulting from the above-referenced injuries. (Compl. ¶ 6).

      d. Plaintiff's counsel has stated his belief that the amount in controversy exceeds $75,000, exclusive of interest and costs and does not object to this removal.

20. Based upon the injuries and damages alleged, Plaintiff seeks recovery in excess of $75,000 exclusive of interest and costs, the value to Plaintiff of the relief sought in the Complaint exceeds $75,000 exclusive of interest and costs, and/or the amount in controversy exceeds $75,000 exclusive of interest and costs. Therefore, Defendant has a good-faith belief that the amount in controversy exceeds $75,000 based upon the information provided. *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006); *see also Workman v. United Parcel Service, Inc.,* 234 F.3d 998, 1000 (7th Cir. 2000).

21. This state court action is properly removed to this Court in accordance with 28 U.S.C. §§ 1441 and 1446 because: (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division; (2) this action is between citizens of different States; (3) the amount in controversy exceeds $75,000 exclusive of interest and costs.

## STATUTORY REQUIREMENTS

22. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2, a copy of the entire state court file is attached and includes the State Court Record as of the date of this Notice of Removal, including the following: Plaintiff's Appearance, Complaint for Damages and Request for Jury Trial, Summons, Certificate of Issuance of Summons, Service Returned served, Defendant's Appearance, Motion for Enlargement of Time to File Responsive Pleading, Order granting the same, and Defendant's Answer and Affirmative Defenses.

23. A copy of this Notice of Removal has been filed in the Marion County Superior Court and Plaintiff has been served with both this Notice of Removal and the Notice to Clerk of Filing Notice of Removal.

24. Pursuant to S.D. Ind. L.R. 81-2(c), a copy of the operative Complaint is also attached hereto as a separate Exhibit to this Notice of Removal.

WHEREFORE, removing party WALMART, by counsel, respectfully requests that the above-entitled action be removed from the Marion County Superior Court to the United States District Court for the Southern District of Indiana, Indianapolis Division.

**LEWIS WAGNER, LLP**

By: */s/Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE, #30123-49
MACIE L. HINEN, #36847-49
***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2023, a copy of the foregoing **Notice of Removal** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Timothy A. Rowe
ROWE & HAMILTON
101 W. Ohio Street, Suite 1701
Indianapolis, IN 46204
trowelaw@aol.com
*Counsel for Plaintiff*


By:   */s/Katherine S. Strawbridge*
       KATHERINE S. STRAWBRIDGE


LEWIS WAGNER, LLP
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN 46201
Telephone:    317-237-0500
Facsimile:    317-630-2790
kstrawbridge@lewiswagner.com
mhinen@lewiswagner.com